UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUMMAI IBRAHIM,

                       Plaintiff,

   -against-

SENTOSACARE LLC, SHOREFRONT OPERATING
LLC, SEAGATE NURSING AND REHABILITATION
CENTER, and JEREMY LAZAR, individually.

                     Defendants.
------------------------------------------------------------------------X

Case No.:
20-cv-4686

**COMPLAINT**

Plaintiff Demands a
Trial by Jury

Plaintiff, JUMMAI IBRAHIM, by and through her attorneys DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants SENTOSACARE LLC, SHOREFRONT OPERATING LLC, SEAGATE NURSING AND REHABILITATION CENTER, and JEREMY LAZAR (collectively referred to as "Defendants,") upon information and belief as follows:

## NATURE OF CASE

Plaintiff, JUMMAI IBRAHIM, complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII"), as amended, the Pregnancy Discrimination Act of 1978 ("PDA"), the Americans with Disabilities Act of 1990 ("ADA"), the New York State Executive Law, and the Administrative Code of the City of New York, New York State Human Rights Law Executive Law § 296 et seq. (the "NYSHRL"), and the New York City Human Rights Law ("NYCHRL") as amended by the New York City Pregnant Workers Fairness Act ("NYC PWFA"), N.Y.C. Admin. Code §§8-101 et seq., based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367, seeking declaratory relief and damages to redress the injuries Plaintiff has suffered as a

1

result of, *inter alia,* on the basis of her pregnancy, sex/gender, disability, familial status, caregiver status and wrongful termination.

## JURISDICTION AND VENUE

1. Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under Title VII and the ADA. The Court also has jurisdiction pursuant to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

2. Additionally, the Court has supplemental jurisdiction under the State and City laws of New York.

3. On February 4, 2019 Plaintiff file a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendants SENTOSACARE LLC, SHOREFRONT OPERATING LLC, and SEAGATE NURSING AND REHABILITATION CENTER detailing the sex discrimination, pregnancy discrimination and retaliation described herein.

4. The EEOC assigned Plaintiff's complaint the federal charge numbers: 520-2019-01681.

5. On or about July 21, 2020, Plaintiff, JUMMAI IBRAHIM, received 90-day Right to Sue Letters from the EEOC in connection with her EEOC charge.

6. Plaintiff has initiated this lawsuit within 90 days of receiving the Right to Sue letters from the EEOC.

7. Plaintiff satisfied all administrative prerequisites and is filing this case within the applicable 90-day limitations period.

8. Venue is proper in this court, as the events giving rise to this action arose in Kings County, within the Eastern District of New York.

## **PARTIES**

1. Plaintiff is an individual female who is a resident of the State of New York, Kings County.

2. At all times material, Defendant SENTOSACARE, LLC (hereinafter referred to as "SENTOSACARE" and/or "Defendant") is a domestic limited liability company duly existing by the virtue and laws of the State of New York that does business in the State of New York.

3. At all times material, Defendant SHOREFRONT OPERATING, LLC (hereinafter referred to as "SHOREFRONT" and/or "Defendant") is a domestic limited liability company duly existing by the virtue and laws of the State of New York that does business in the State of New York.

4. At all times material, Defendant SEAGATE REHABILITATION AND NURSING CENTER (hereinafter referred to as "SEAGATE" and/or "Defendant") is a Nursing Home in Brooklyn, New York, controlled by SENTASOCARE and SHOREFRONT, that does business in the State of New York.

5. At all times material, Defendants SEAGATE, SHOREFRONT and SENTOSACARE were joint employers of Plaintiff.

6. At all times material, Defendant Jeremy Lazar (hereinafter referred to as "LAZAR") was the Human Resources Coordinator who held supervisory authority over Plaintiff and upon information and belief is a resident of Nassau county.

**STATEMENT OF FACT**

7. On or about August 14, 2015, Defendants hired Plaintiff as a Licensed Practical Nurse (hereinafter "LPN").

8. Around July 2017 Plaintiff, while pregnant, was diagnosed with severe Preeclampsia with dangerously high blood pressure.

9. On or about July 12, 2017, Plaintiff took her doctor's recommended leave of absence in order to receive pre-natal treatment for a period of about two (2) months.

10. Around September 24, 2017 Plaintiff was diagnosed with HELLP Syndrome in connection with her pregnancy.

11. HELLP syndrome is a rare and life-threatening condition often diagnosed after Preeclampsia, consisting of hemolysis, which is the breaking down of red blood cells, elevated liver enzymes, and low platelet count.

12. The HELLP Syndrome caused severe complications with the C-Section surgery that was required for Plaintiff to give birth to her child.

13. Plaintiff's Preeclampsia and HELLP Syndrome required Plaintiff stay in the hospital for about 4 months.

14. Plaintiff's baby was 2 months premature, weighing only 2 pounds at birth and was in the Neonatal Intensive Care Unit ("NICU") for 2 months.

15. Once Plaintiff was diagnosed with Preeclampsia and HELLP Syndrome, Plaintiff's doctor called Defendants' Human Resources manager and informed them that Plaintiff would not be

able to return to work until further notice.

16. During Plaintiff's period of medical/maternity leave, Defendants hired a new Human Resources Coordinator, Jeremy Lazar (hereinafter referred to as "LAZAR").

17. On or about July 24, 2018 Plaintiff met with Defendant LAZAR to discuss options for returning to work.

18. During this meeting Plaintiff provided further information to Defendants regarding the debilitating and life-threatening complications related to her pregnancy.

19. During this meeting Defendant LAZAR asked Plaintiff to return to work the following day.

20. In preparation for her return to work, Plaintiff was also asked to attend a seven (7) hour "in-service" refresher course.

21. Plaintiff indicated to Defendant LAZAR that due to her medical condition and given her need to obtain and schedule a babysitter to look after her newborn and two other young children, she would not be able to start work immediately or attend the in-service session on such short notice.

22. In light of these circumstances, as a reasonable accommodation, Plaintiff asked Defendant LAZAR for approximately two (2) weeks before attending the in-service session and then returning to work.

23. In response to Plaintiff's request Defendant LAZAR said "**NEVER. YOU ALWAYS SAY YOU'RE SICK ALL THE TIME. WE DON'T NEED YOU HERE. YOU'RE NOT THE ONLY NURSE WITH A BABY HERE. YOU DON'T NEED TO WORK HERE.**"

5

24. Plaintiff was shocked and appalled at this response and asked for clarification.

25. Defendant LAZAR, in turn, asked Plaintiff "**WHY DON'T YOU LET ME TERMINATE YOU RIGHT NOW? THEN YOU CAN APPLY AND COME BACK LATER.**"

26. Plaintiff responded that she had been working with Defendants for a substantial amount of time, that she had no guarantee that re-applying meant being re-hired and that any new job offer would mean, loss of seniority and a severe a reduction in her established rate of pay.

27. Defendant LAZAR reluctantly agreed that Plaintiff could attend her in-service session on July 24, 2018 with the caveat that "**WE DON'T NEED YOUR TYPE HERE. IT'S OBVIOUS YOU DON'T HAVE ANYONE TO WATCH YOUR BABY, YOU ALWAYS COME WITH A BABY TO THE OFFICE.**" Defendant LAZAR then, referring to Plaintiff's Preeclampsia and HELLP Syndrome, stated "**DON'T COME HERE SICK, YOU'RE ALWAYS SICK.**"

28. On or about July 24, 2018, Plaintiff's high blood pressure returned causing her to faint and fall to the ground. Plaintiff immediately went to the Coney Island Hospital. The illness precluded Plaintiff's attendance at the in-service session. Plaintiff called Defendants and indicated that Plaintiff would be absent from the scheduled in-service and soon after provided Defendants with the medical report from her hospital visit.

29. On or about August 15, 2018 Plaintiff met with Defendant LAZAR to discuss rescheduling her in-service at a date to be confirmed later. Defendant LAZAR promised Plaintiff that Defendants would follow up with a phone call to confirm the in-service date.

30. Defendants never called or contacted Plaintiff as promised to follow-up to confirm the re-

scheduled in-service.

31. On or about August 28, 2018, Plaintiff received a letter from Defendant LAZAR which falsely claimed that because Plaintiff failed to appear at work on the agreed upon date or to respond to telephone calls, Defendants had no choice but to "terminate [Plaintiff] from [her] employment at Seagate Rehab and Nursing Center, effective immediately."

32. Defendants discriminated against Plaintiff because of her pregnancy, sex/gender, familial status, caregiver status disability, and terminated Plaintiff because of her pregnancy, sex/gender, familial status, caregiver status, disability, and familial status and because she sought reasonable accommodation.

33. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

34. As a result of Defendants' actions, Plaintiff became financially temporarily unable to provide for her children and was required to send her children abroad to Plaintiff's family's home country, Nigeria.

35. As a result of Defendants' actions, Plaintiff and her children continue to suffer the emotional effects of the parent-child separation.

36. As a result of Defendants' discriminatory treatment of Plaintiff, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

37. As a result of Defendants' unlawful and discriminatory actions, Plaintiff became so physically and emotionally distressed that she has suffered difficulty eating and sleeping, along with

other physical manifestations of severe emotional distress.

38. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unwarranted financial hardships and irreparable damage to her professional reputation and familial relationships with her young children because she was forced to send them to live with Plaintiff's family in Nigeria.

39. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendant.

41. Plaintiff claims actual discharge and also seeks reinstatement.

42. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendant subjected Plaintiff.

43. Defendants' conduct constitutes a continuing violation. Plaintiff claims a continuous practice of discrimination and claims a continuing violation and makes all claims herein under the continuing violations doctrine.

44. Defendant hereby demands reinstatement to her position at her full level of seniority and rate of pay.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

45. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

46. Title VII states in relevant part as follows:

    "(a) Employer practices:

    It shall be an unlawful employment practice for an employer:

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

47. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex and gender.

48. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by terminating and otherwise discriminating against Plaintiff as set forth herein because of Plaintiff's sex and gender.

49. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

## AS A SECOND CAUSE OF ACTION FOR
## RETALIATION UNDER TITLE VII
## (Not Against Individual Defendants)

50. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

51. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

52. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of Defendants.

53. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Title VII.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE AMERICANS WITH DISABILITIES ACT
## (Not Against Individual Defendants)

54. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this Complaint.

55. Plaintiff claims Defendants violated Title I of the Americans with Disabilities Act of 1990 (Pub.L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

10

56. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.".

57. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION
FOR RETALIATION UNDER
THE AMERICANS WITH DISABILITIES ACT
<u>(NOT AGAINST INDIVIDUAL DEFENDANTS)</u>**

58. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this Complaint.

59. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

60. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
NEW YORK STATE LAW
<u>(Against All Defendants)</u>**

99. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

100. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics,

marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

101. Defendants engaged in an unlawful discriminatory practice by as a result of being discriminated against by her employer, *inter alia*, on the basis of her pregnancy, sex/gender, familial status, caregiver status and disability and wrongful termination. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law § 296.

**AS A SIXTH CAUSE OF ACTION
FOR AIDING & ABETTING UNDER
NEW YORK STATE LAW
(Against All Defendants)**

102. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

103. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

104. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

**AS AN SEVENTH CAUSE OF ACTION
FOR RETALIATION UNDER
NEW YORK STATE LAW
(Against All Defendants)**

105. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

106. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory

practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

107. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against the Plaintiff.

### AS A EIGHTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

108. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

109. The Administrative Code of City of NY §8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

110. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions by her employer, *inter alia*, on the basis of her pregnancy, sex/gender, familial status, caregiver status and disability and wrongful termination.

### AS A NINTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

111. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this

complaint as if fully set forth at length.

112. The New York City Administrative Code Tide 8, §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…."

113. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(7) by discriminating against Plaintiff because of her opposition to the unlawful employment practices of Defendants as Plaintiff's employer.

**AS AN TENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)**

114. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

115. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

116. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS A ELEVENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER
THE NEW YORK CITY ADMINISTRATIVE CODE
(Against All Defendants)**

117. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

118. Section 8-107(19), entitled Interference With Protected Rights provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

119. Defendants violated the above section as set forth herein.

### AS A TWELVTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

120. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

121. Section 8-107(13) entitled Employer Liability For Discriminatory Conduct By Employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's

discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

122. Defendants violated the above section as set forth herein.

**AS AN THIRTEENTH CAUSE OF ACTION**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST ALL DEFENDANTS)**

123. Plaintiff repeats and re-alleges each and every allegation made in the above paragraphs of this complaint as if fully set forth at length.

124. Defendants' behavior was extreme and outrageous to such extent that the action was atrocious and intolerable in a civilized society.

125. Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency.

126. As a result of Defendants' acts, Plaintiff has been damaged in an amount to be determined at the time of trial.

**WHEREFORE**, Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues to be tried.

Dated: New York, New York
       October 1, 2020

**DEREK SMITH LAW GROUP, PLLC**

By: **/s/ Seamus Barrett**

Seamus Barrett, Esq.
One Penn Plaza, Suite 4905
New York, New York 10119
(212) 587-0760